Dear Mr. Tillman:
You requested an Attorney General's opinion regarding the obligations of the Board of Commissioners of the Ebarb Waterworks District No. 1 of Sabine Parish ("Ebarb") in dealing with an overpayment. You indicated that a contract exists between Ebarb and South Toledo Bend Waterworks District ("South Toledo") whereby South Toledo sells water at a wholesale rate to Ebarb. The water that is used is withdrawn by South Toledo from the Toledo Bend Reservoir, and payments are made to the Sabine River Authority for the water. Once the water is treated and transported to Ebarb, Ebarb sells the treated water back to the Sabine River Authority. Both Ebarb and South Toledo were funded by loans from the Rural Utility Service of the U.S. Department of Agriculture. Therefore, the contract in question requires the consent and concurrence of Ebarb, South Toledo, Sabine River Authority and the Rural Utility Service.
The contract was put into place a number of years ago, and within a matter of months, unbeknownst to the other parties, South Toledo increased the rate it charged under the contract. Neither Ebarb, the Sabine River Authority nor the Rural Utility Service was aware of, approved or agreed to such an increase. The increased rate was charged for a number of years before it was discovered. As a result, Ebarb has been overcharged and has overpaid approximately $152,000 under the contract. Your question is whether Ebarb is obligated to either obtain a refund, credit or some other compensation for the overpayment, or may Ebarb merely ignore the overpayments and "walk away" from such monies.
It is the opinion of this office that a public agency would be in violation of the Louisiana Constitution if no recoupment efforts are made. Article VII, Section 14 of the Louisiana Constitution of 1974 provides, in pertinent part, the following:
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private"
Article 7, Section 14 of the Louisiana Constitution clearly prohibits the donation of public funds. Thus the state or any of its political subdivisions may not loan, pledge or donate its funds or anything of value to or for any person when it is under no obligation to do so. See City of Port Allen v. LouisianaMunicipal Risk Agency, 439 So.2d 399 (La. 1983); Beaird-Poulan,Inc. v. Department of Highways, 362 F.Supp. 547 (W.D.La. 1973). We have interpreted legal obligation to mean that the expenditure of funds be sanctioned, authorized by law, or in the discharge of a legal duty. Attorney General Opinion Nos. 02-0162 and 00-0014.
An overpayment, above what is required under the contract at issue, is prohibited by Article VII, Section 14 of the Louisiana Constitution. It stands to reason, therefore, that the Board of Commissioners of the Ebarb Waterworks District No. 1 of Sabine Parish must exercise every reasonable means to recover the overpayment. Reasonable means must be determined on a case-by-case basis and on sound business practices and principles. In accord is Attorney General Opinion No. 03-0444.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________________
 KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/mjb